UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Evgeniy Gubanov, | No.  2:14-cv-01731-JAM-EFB |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT CORRECT CARE'S MOTION TO DISMISS** |
| Stanislaus County, et al, | |
| Defendants. | |

This matter is before the Court on Defendant Correct Care Solutions, LLC's ("Correct Care") motion to dismiss (Doc. #16).[1] Plaintiff Evgeniy Gubanov ("Plaintiff") opposes the motion (Doc. #18).

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In November 2012, Plaintiff severely fractured his ankle. First Amended Complaint ("FAC") ¶ 3 (Doc. #13).  Orthopedic surgeon Stephen Berrien operated on Plaintiff's ankle and put

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 18, 2015.

1

1  Plaintiff's ankle in a solid white cast.  Id. ¶ 21.  Plaintiff

2  was told that he could not put weight on his ankle and that he

3  needed crutches to walk.  Id.

4      Two months after he fractured his ankle, Plaintiff was

5  arrested and taken to Stanislaus County Jail.  Id. at ¶ 2.

6  Plaintiff alleges that when he was arrested, he was wearing an

7  ankle cast and could not put any weight on his ankle.  Id. at

8  ¶ 22.  Police officers took Plaintiff to a hospital, where his

9  cast was removed and replaced with a plastic cast.  Id.

10 Plaintiff alleges that he was taken back to the jail and not

11 given crutches or a wheelchair.  Id. ¶ 23.  Three days after

12 Plaintiff's arrest, jail staff took him to Correct Care, the

13 medical provider located in the jail.  Id.  Plaintiff alleges

14 that Correct Care's staff removed his plastic cast.  Id.

15 Plaintiff alleges that due to his cast being removed, he had to

16 walk on his unhealed ankle to shower, use the bathroom, and walk

17 up the stairs to make his court appearances.  Id.  Plaintiff

18 alleges that walking on his unhealed ankle caused "extreme pain"

19 and "unnecessary re-injury and trauma to his ankle."  Id. ¶ 24.

20     About a month after Plaintiff was arrested, jail staff took

21 him to see Dr. Berrien.  Id. ¶ 26.  Dr. Berrien allegedly told

22 Plaintiff that he needed surgery on his ankle as soon as

23 possible.  Id.  Dr. Berrien scheduled the surgery for mid-March.

24 Id.  Plaintiff alleges that on March 7, 2013, Dr. Gustaveson

25 (allegedly an employee of Correct Care) told him that he had

26 cancelled Plaintiff's surgery with Dr. Berrien because, in Dr.

27 Gustaveson's opinion, "the ankle was too badly damaged to be

28 repaired and therefore the proposed surgery was worthless."  Id.

1    Plaintiff also alleges that Dr. Gustaveson informed him that he

2    would be "crippled for the rest of his life." Id. This

3    information allegedly caused Plaintiff severe emotional

4    distress.   Id.

5        A few months later, Plaintiff met with Dr. Berrien again,

6    and Dr. Berrien told him that he needed reconstructive surgery.

7    Id. ¶ 33.  On June 20, 2013, Dr. Berrien performed surgery on

8    Plaintiff's ankle.   Id.  Plaintiff alleges that "the damage

9    [Plaintiff] sustained to the ankle due to denial of care and

10   forced walking on the fractured, healing ankle diminished his

11   chances for a successful outcome from the second surgery." Id.

12   Plaintiff alleges that his ankle may need amputation in the

13   future.   Id.

14       On July 22, 2014, Plaintiff sued Stanislaus County and

15   Sheriff Adam Christianson (Doc. #1).  On November 11, 2014, this

16   Court granted Plaintiff leave to amend his complaint (Doc. #10).

17   Plaintiff did not file his amended complaint before the Court

18   issued its scheduling order on December 3, 2014 (Doc. #12).  The

19   scheduling order, in relevant part, states the following:

20                       SERVICE OF PROCESS

21       All parties defendant to this lawsuit have been

22       served and no further service will be permitted except

23       with leave of court, good cause having been shown.

24            JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

25       No further joinder of parties or amendments to

26       pleadings is permitted except with leave of court,

27       good cause having been shown.

28                           . . .

1  <u>FICTITIOUSLY-NAMED DEFENDANTS</u>

2        This action, including any counterclaims, cross-

3  claims, and third party complaints is hereby DISMISSED

4  as to all DOE or other fictitiously-named defendants.

5                         . . .

6  <u>OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</u>

7        This Status Order will become final without

8  further Order of Court unless objection is lodged

9  within seven (7) days of the date of the filing of

10  this Order.

11  Order at 1, 2, 6.

12        On February 12, 2015, Plaintiff filed his FAC.   On October

13  14, 2015, Correct Care moved to dismiss Plaintiff's claims

14  against Correct Care, arguing that Plaintiff's claims are barred

15  by the Court's scheduling order and the statute of limitations.

16  Plaintiff opposed the motion and moved for leave to amend in the

17  same document (Doc. #18).

18

19                   II.   OPINION

20  A.   <u>Analysis</u>

21        *1.   Correct Care's Motion to Dismiss*

22        "A scheduling order is not a frivolous piece of paper, idly

23  entered, which can be cavalierly disregarded by counsel without

24  peril." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610

25  (9th Cir. 1992) (internal quotation marks omitted).   A district

26  court has the discretion to determine whether a scheduling order

27  precludes amendments or joinder of parties after the deadline

28  indicated by the scheduling order.   <u>Id.</u> at 607.   Once the

4

1   deadline set forth by the scheduling order to file an amendment

2   or join additional parties has passed, the liberal Federal Rule

3   of Civil Procedure 15 standard for amending a complaint no

4   longer applies.  Id. at 607-608.  Instead, Rule 16's standards

5   control.  Id.

6        Rule 16 requires the Court to enter a scheduling order that

7   limits the time to join other parties and to amend the

8   pleadings.  Fed. R. Civ. P. 16(b).  "A schedule may be modified

9   only for good cause and with the judge's consent."  Id.  The

10  Ninth Circuit "has indicated that a party seeking to amend a

11  pleading after the scheduling order deadline has expired should

12  first seek leave to amend the scheduling order."  Mays v.

13  Stobie, 2010 WL 5110083, at *3 (D. Idaho Dec. 7, 2010).

14       Here, the Court granted Plaintiff leave to amend his

15  complaint on November 21, 2014 (Doc. #10).  On December 3, 2014,

16  the Court issued a scheduling order which indicated that no

17  party could amend their pleadings or join any additional parties

18  without leave of the Court (Doc. #12).  Neither Plaintiff nor

19  any of the defendants objected to the scheduling order, and the

20  order became final on December 10, 2014 (Doc. #12).

21       On February 12, 2015, Plaintiff filed the FAC (Doc. #13).

22  The FAC added Correct Care as a defendant.  FAC ¶ 13.  Plaintiff

23  did not seek permission from the Court either to file an amended

24  complaint after the scheduling order had been issued or to join

25  any additional parties.  Defendants Christianson, Maxwell,

26  Holman, Negeley, Nichols, Campbell, Clifton, and Duncan filed an

27  answer to Plaintiff's FAC (Doc. #15).  Correct Care did not join

28  in the other defendants' answer or file its own answer.  See

5

1   Answer at 1.

2          Plaintiff's attempted joinder of Correct Care violated the

3   Court's scheduling order.  The Court therefore dismisses

4   Plaintiff's claims against Correct Care.  The Court declines,

5   however, to dismiss the FAC in its entirety, as Correct Care

6   requested in its motion to dismiss.  <u>See</u> Mot. at 2.  The

7   answering defendants did not raise the issue of Plaintiff's

8   noncompliance with the Court's scheduling order nor join in

9   Correct Care's motion to dismiss herein.

10                  *2. Plaintiff's Motion for Leave to Amend*

11          Together with Plaintiff's opposition to Correct Care's

12   motion to dismiss, Plaintiff brought a motion for leave to amend

13   the FAC to join Correct Care.  Opp. at 6-8.  As discussed above,

14   when a motion for leave to join a party is filed after the

15   scheduling order deadline, the party seeking to join the new

16   party must show "good cause."  Fed. R. Civ. P. 16(b)(4).  The

17   good cause standard under Rule 16 "primarily considers the

18   diligence of the party seeking the amendment."  <u>Johnson</u>, 975

19   F.2d at 609.  To show good cause, the party seeking amendment or

20   joinder of additional parties must show that scheduling

21   deadlines could not be met despite the party's diligence.  <u>Id.</u>

22   The possibility of "prejudice to the party opposing modification

23   might supply additional reasons to deny [modification],

24   [however], the focus of the inquiry is upon the moving party's

25   reasons for seeking modification."  <u>Id.</u>

26          In Plaintiff's motion for leave to amend, he states that

27   Plaintiff's attorney, Larry Peluso, "read and understood" the

28   Court's December 3, 2014 scheduling order and began writing the

1  FAC.   Opp. at 8.   The scheduling order clearly indicated that it

2  would become final seven days after the date of the order.

3  Order at 6.   The scheduling order also disallowed any additional

4  amendments or joinder of parties without leave of the Court.

5  Id. at 1.   After reading the scheduling order, Mr. Peluso should

6  have either objected to the dates in the scheduling order or

7  asked the Court for leave to file an amended complaint and join

8  an additional party. He did neither. Instead, Mr. Peluso ignored

9  the terms of the scheduling order that he had "read and

10 understood" and began drafting the FAC.   See Opp. at 8.

11     Mr. Peluso collapsed from liver failure two weeks after

12 reading the scheduling order.   Id.  Mr. Peluso's law partner,

13 Julia Swanson, completed the FAC for Mr. Peluso.   Id.  While the

14 Court is sympathetic to Mr. Peluso's health issue, it does not

15 excuse Plaintiff from requesting leave to amend or a change in

16 the scheduling order before filing the amended complaint.   As an

17 attorney working on the case, Ms. Swanson had the duty to read

18 the Court's scheduling order and comply with it, even if she was

19 not working on the case when the scheduling order was issued.

20 Fed. R. Civ. P. 16(f); see also Balt. Therapeutic Equip. Co. v.

21 Loredan Biomedical, Inc., 1993 WL 129781, at *17 (E.D. Cal. Feb.

22 19, 1993) ("[A] party's attorney" has the "[d]uty to obey the

23 Court's scheduling orders."). At no time prior to filing the FAC

24 or Plaintiff's opposition to this Motion to Dismiss did Ms.

25 Swanson ask the Court for leave to amend the complaint or to

26 join an additional party.

27     The Court finds that neither of Plaintiff's attorneys acted

28 diligently, and Plaintiff fails to show good cause for leave to

1   amend to join Correct Care.  As such, Plaintiff's motion to

2   amend is denied.

3        The parties also dispute whether Plaintiff's claims against

4   Correct Care are barred by statutes of limitations.  Because

5   Plaintiff's claims against Correct Care are dismissed for the

6   reasons stated above, the Court need not reach the statute of

7   limitations issue.

8

9                        III.     ORDER

10       For the reasons set forth above, the Court GRANTS WITH

11  PREJUDICE Correct Care's motion to dismiss and DENIES

12  Plaintiff's motion for leave to amend:

13       IT IS SO ORDERED.

14  Dated:  December 11, 2015

15                                        _____

16                                        JOHN A. MENDEZ,
                                          UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                    8