UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVGENIY GUBANOV,

               Plaintiff,

    v.

STANISLAUS COUNTY, et al.,

               Defendants.

No.  2:14-cv-1731-JAM-EFB

<u>FINDINGS AND RECOMMENDATIONS</u>

This case was before the court on April 6, 2016, for hearing on plaintiff's motion to be relieved from deemed admissions under Fed. R. Civ. P. 36.  ECF No. 32.  Attorney Julia Swanson appeared on behalf of plaintiff; attorney Dan Farrar appeared on behalf of defendants.  For the reasons stated on the record, and as explained in further detail below, it is recommended that the court's scheduling order be modified for the limited purpose of resolving the instant motion and that plaintiff's motion be granted.

On December 22, 2015, defendants served plaintiff requests for admissions.  Declaration of Julia Swanson ("Swanson Decl.") (ECF No. 33 at 8-9) ¶ 3.  On January 25, 2016, the day plaintiff's responses were due, plaintiff's counsel was in trial and was unable to mail timely responses.  *Id*.  The next day, January 26, Ms. Swanson was informed that defendants' counsel had left for the day.  Mr. Swanson emailed defendants' counsel and requested a two-week extension of time to provide responses.  *Id*. ¶ 4.  Two days later, on January 28, defendants

1

1   responded to plaintiff's email, denying the request for an extension of time.  *Id.*  Plaintiff's

2   counsel subsequently emailed defendants' counsel requesting an agreement to serve responses by

3   email.  *Id.*  Plaintiff's counsel attached the discovery responses to that email.  *Id.*  In his response

4   to the email, "Defendants' counsel cordially agreed to email service."  *Id.*

5       Nonetheless, defense counsel now asserts that the request for admissions are deemed

6   admitted.  On March 22, 2016, defendants filed a motion for summary judgment, which is noticed

7   for hearing before the assigned district judge on April 19, 2016.  ECF No. 30.  That motion relies,

8   at least in part, on the alleged deemed admissions.  *See* ECF No. 30-1 at 2, 6, 7.  The following

9   day, plaintiff filed the instant motion to withdraw his admissions.[1]

10      Federal Rule of Civil Procedure ("Rule") 36(b) provides that "[a] matter admitted under

11  this rule is conclusively established unless the court, on motion, permits the admission to be

12  withdrawn or amended."  Fed. R. Civ. P. 36(b).  Whether a party is entitled to relief in the form of

13  withdrawal or amendment of responses to requests for admissions lies within the discretion of the

14  district court.  *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).  A party may withdraw

15  or amend an admission if the court finds (1) that withdrawal will aid in presenting the merits of

16  the case, and (2) no substantial prejudice to the party who requested the admission will result

17  from allowing the admission to be withdrawn or amended.  Fed. R. Civ. P. 36(b); *see Conlon*, 474

18  F.3d at 625 (court must consider both factors in deciding motion to withdraw or amend).

19      Here, the first prong is satisfied.  The request for admissions at issue essentially requests

20  plaintiff to admit that there is no basis for his claims.  *See* ECF No. 33 at 7-8.  Plaintiff is

21  requested to admit that he has no factual basis to support his claim that defendants are liable for

22  the injuries alleged in the complaint.  *Id.*, RFA Nos. 1, 2, 3.  The requests go to the core of

23  plaintiff's claims and if the admissions are not withdrawn, the case would be decided on a

24  procedural technicality and not on the underlying merits of the case.

---

26  [1]  The motion was originally filed before the assigned district judge in violation of Local
27  Rule 302(c).  After the original hearing date was vacated, plaintiff filed an application for an
    order shortening time, requesting that the undersigned hear the matter on April 6, 2016, as that
    was the only law an motion date available prior to the hearing on the motion for summary
28  judgment.  ECF No. 35.  That request was granted.  ECF No. 36.

1    As to the prejudice prong, the court focuses on the "the prejudice that the nonmoving

2  party would suffer at trial." *Conlon*, 474 F.3d at 623-24 (stating additionally that "prejudice must

3  relate to the difficulty a party may face in proving its case at trial").  The party who relies upon

4  the deemed admissions has the burden of proving prejudice.  *Id*. at 622.  Here, defendants have

5  failed to demonstrate any prejudice.  Indeed, defendants' opposition, rather than addressing the

6  merits of plaintiff's motion, argues that plaintiff's motion should be denied because it is untimely

7  under the court's scheduling order.  ECF No. 38.

8    The court's scheduling order provides that all discovery shall be completed by February

9  19, 2016.  ECF No. 12 at 3.  The order further provides that the term "'completed' means that all

10  discovery shall have been conducted so that all depositions have been taken and any disputes

11  relative to discovery shall have been resolved by appropriate order if necessary, where discovery

12  has been ordered, the order has been complied with."  *Id*.

13    The discovery deadline has passed.  Assuming that the instant motion is subject to that

14  deadline rather than dispositive motion deadline, the court nonetheless finds good cause to extend

15  the discovery deadline for the limited purpose of resolving the instant discovery dispute.[2]  *See*

16  Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's

17  consent.").  After plaintiff's counsel was notified that defendants would not agree to a two-week

18  extension of time, counsel promptly emailed plaintiff's discovery responses and requested that

19  email service be accepted.  Swanson Decl. ¶ 4.  According to plaintiff, "Defendants' counsel

20  cordially agreed to email service."  *Id*.  It was not until defendants moved for summary judgment

21  that plaintiff's counsel became aware that defendants considered the admissions untimely and

22  would rely on them in moving for summary judgment.  ECF No. 32 at 3.  Although plaintiff

23  could have moved to withdraw the admissions after defendant declined her request for an

24  extension of time, given that defendants subsequently agreed to email service, it was reasonable

---

25    [2]  The court notes that it is not entirely clear whether the instant motion is untimely under
26  the court's scheduling order.  The motion differs from the typical discovery dispute concerning
    whether something is or is not discoverable.  Here, the only issue is whether the admissions
27  should be set aside, and regardless of the outcome no further discovery would be permitted.
    However, in either case, the court recommends that the scheduling order be modified to permit
28  resolution of this motion.

3

1   for plaintiff to assume that defendants would treat the responses as timely.  As plaintiff did not

2   learn that defendants considered the admissions untimely after the close of discovery, good cause

3   exists to modify the scheduling order.

4         More significantly, modifying the scheduling order to allow the admissions to be

5   withdrawn would facilitate the strong public policy favoring resolution of cases on the merits.

6   *See Doctors Medical Center of Modesto, Inc. v. Principal Life Ins. Co.*, 2011 WL 831421, at *3

7   (E.D. Cal. Mar. 3, 2011) ("The Ninth Circuit has repeatedly held, in a variety of procedural

8   contexts, that the public policy favoring disposition of cases on their merits strongly counsels

9   against dismissal of a case or sanctions that are ultimately case-terminating.") (citing *In re*

10   *Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006)).  Thus, good

11   cause exists to modify the scheduling order.

12         Based on the foregoing, it is hereby RECOMMENDED that:

13         1.  The December 3, 2014 status (pretrial scheduling) order be modified and the discovery

14   deadline extended for the limited purpose of resolving plaintiff's motion to withdraw admissions;

15   and

16         2.  Plaintiff's motion to withdraw his admission be granted (ECF No. 32) and the deemed

17   admissions be set aside.

18         These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after

20   being served with these findings and recommendations, any party may file written objections with

21   the court and serve a copy on all parties.  Such a document should be captioned "Objections to

22   Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

23   specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158

24   F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25   DATED:  April 7, 2016.

26

27                         EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE

28